### Eugene O. Quinn v. Rachel Blanck.

*Garnishment—Disclosure.*

A garnishee's disclosure cannot be made less conclusive by allowing a jury, upon the trial of an issue demanded by the garnishee, to consider inconclusive testimony as to what such garnishee had previously said in answer to unauthorized inquiries as to whether he had received possession of the principal defendant's property before or after the entry of the judgment against him.

Error to Ingham. (Gridley, J.) Oct. 16.—Nov. 19.

GARNISHMENT proceedings. The garnishee brings error. Reversed.

*Edwin F. Conely* and *John D. Conely* for appellant. The garnishee's deposition taken before a commissioner is evidence, but not *for all purposes;* this latter the plaintiff may procure from other sources, including the garnishee, who may be brought in by plaintiff as a general witness, and he may introduce it though it contradict the disclosure : *Fearey v. Cummings* 41 Mich. 376 ; How. Stat. § 8071 ; the garnishee however cannot contradict or dispute the disclosure : *Id.; Allen v. Hazen* 26 Mich. 142 ; the commissioner's report of the garnishee's examination can be introduced by the plaintiff only, but it is only prima facie evidence of the matters admitted by it, and if confused, equivocal or contradictory its admissions are not satisfactory : *Sexton v. Amos* 39 Mich. 695 ; *Spears v. Chapman* 43 Mich. 541 ; *Weirich v. Scribner* 44 Mich. 73 ; *Walker v. D., G. H. & M. R. R. Co.* 49 Mich. 446.

*M. V. Montgomery* and *J. C. Shields* for appellee.

CHAMPLIN, J.   September 17, 1881, the plaintiff recovered a judgment against Andrew Blanck, the husband of defendant for damages for the alienation and seduction of plaintiff's wife, and on October 7, 1881, plaintiff made and filed his affidavit for a writ of garnishment, setting forth the recovery of the judgment, and stating that he had good reason to believe, and did believe, that Rachel Blanck had property, moneys, goods, chattels, credits and effects in her hands and under her custody and control, belonging to the defendant Andrew Blanck, and that she was indebted to him.   A writ of garnishment was thereupon issued and served upon defendant, October 8, 1881, returnable on the 1st day of November, 1881.   On the 19th of November the garnishee filed her disclosure, in which she denied that at the time of service of the writ and at the time of the disclosure, she had any property, money, goods, chattels, credits or effects in her hands or under her control or custody, belonging to Andrew Blanck, and denied that she was in anywise indebted to him. November 28th she demanded a trial under the statute in

such case made and provided, and on the 29th of November the plaintiff demanded an oral examination of the garnishee before a circuit court commissioner, which was had on the 10th of December, 1881, and was reported to the court and filed.March 28, 1882. The trial of the issue demanded by the garnishee was had June 7, 1884, before a jury.

The examination of the garnishee, as reported by the commissioners, was read in evidence, and was the only evidence which it was claimed would warrant a recovery by plaintiff, except the testimony of a witness by the name of Wood; and as it is claimed by plaintiff that his testimony shows an admission by the defendant that she received certain notes after the rendition of the, judgment in favor of plaintiff and against Andrew Blanck and before the service of the garnishee, it will be well to examine this question first. Wood went to defendant's house for the purpose of serving a notice of trial of this suit upon her; he says he found her alone and after reading the notice to her, he says : "I then asked her the question, if she got those notes prior to the service of the garnishee papers, or when she got the notes. She said she got them before the service of the garnishee papers upon her. I then said to her, 'After the judgment was entered?' And just as I said that, before she looked at me, and before any answer was made, Dr. Blanck came into the room. As he came in, he says 'What is it?' And I raised up, and she says, 'My husband, Dr. Blanck.' I recognized Dr. Blanck, and I told him that I was here for the purpose of serving a notice of this trial, and the position the plaintiff's attorney proposed to take on the trial; and then I said, 'The notes were obtained after judgment?' Dr. Blanck says, 'Our attorneys are John D. Conely, of Detroit.'"

How this testimony can be tortured into an admission that defendant received "the notes" before the service of the garnishee papers, and after the rendition of the judgment, is difficult to perceive; yet the learned judge fell into the error of submitting it to the jury as testimony tending to prove such admission. She was under no obligation to treat the inquiries of Wood otherwise than as an impertinence,

calling for no reply. She was not in a position where she, was required to speak, under penalty of her silence being construed into an admission that she received the notes after the rendition of the judgment. The learned judge who presided at the trial should have instructed the jury that the testimony of Wood had no tendency to prove an admission by defendant that she received the notes after the judgment was rendered and before the service of the garnishee papers. We have carefully examined the testimony taken before the commissioner and read upon the trial, and are unable to find any admission by the garnishee that she received the notes in controversy after the rendition of the judgment and before the service of the garnishee papers upon her. Her testimony does show much confusion in ideas, in statements and occurrences, but in all and through all she adheres tenaciously to the point that she received no property or notes within the time specified which would render her liable as garnishee.

Regarding the disclosure as testimony we have no doubt but it is proper for the jury to draw all legitimate inferences and just conclusions therefrom ; but it is not a legitimate inference to draw from testimony denying the existence of a fact sought to be proved, that such denial is evidence that the fact exists. Unless the garnishee's disclosure shows that she had or controlled personal property or effects of Andrew Blanck, or that she was indebted to him at the time of the service of the garnishee papers, it will not be sufficient to justify the finding of the jury in this case. The disclosure shows that she received the notes mentioned in the verdict of the jury after the service of the garnishee papers upon her, and there is no admission that she received them before. The jury must therefore have based their verdict, as they were at liberty to do under the charge of the court, upon the testimony of Wood. The circuit judge told them that they might consider the testimony of Wood in considering the weight they would give to defendant's statement that she had received certain special notes within two or three weeks before her examination, and after the service on her of the

garnishee papers, and they might infer from his testimony that she referred to these notes which she stated she had received at Greenville. But it appeared that she had received notes before the rendition of the judgment, and as the "notes" embraced in Wood's question might, with greater probability refer to those, there is no inference that can be drawn that she referred to these latter notes instead of the former.

The order of the circuit court appointing a receiver must be reversed, set aside and held for naught, and the verdict must be set aside and a new trial ordered; the defendant to recover costs.

The other Justices concurred.